

FILED

AUG 0 4 2014

~CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL J. MYERS, ) | Civil Action No. 14- 4121 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **COMPLAINT** |
| ) | |
| JASON M. GANT, in his official ) | |
| capacity as Secretary of State for the ) | |
| State of South Dakota, ) | |
| ) | |
| Defendant. ) | |

## INTRODUCTION

NOW COMES the plaintiff, Michael J. Myers, by and through his counsel, and for his Complaint against Jason M. Gant, in his official capacity as Secretary of State for the State of South Dakota, hereby states as follows:

## JURISDICTION AND VENUE

1. The plaintiff brings this action in this Court pursuant to 42 U.S.C. § 1983.

2. Federal jurisdiction for this action is proper under 28 U.S.C. §§ 1331, 1343(a), 2201 and 2202. Federal supplemental jurisdiction is proper under 28 U.S.C. § 1367(a).

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## PARTIES

4.      The plaintiff, Michael J. Myers, is a citizen of the United States and resides in Turner County in the State of South Dakota.

5.      The defendant, Jason M. Gant, is the Secretary of State for the State of South Dakota. Defendant Gant is sued in his official capacity as Secretary of State for the State of South Dakota. As such, Secretary Gant has a duty to oversee the statewide electoral process from this office in accordance with federal and state law. Secretary Gant maintains a public office in Hughes County in the State of South Dakota.

## GENERAL ALLEGATIONS

6.      On January 7, 2014, plaintiff Myers declared his intention to run as a non-party affiliated Independent candidate for Governor of South Dakota and certified his running mate, Caitlin F. Collier, as a Lieutenant Governor candidate with the South Dakota Secretary of State's Office per South Dakota Codified Law ("SDCL") 12-7-1 and in accordance with Administrative Rules of South Dakota ("ARSD") 5:02:08:05:01. A notarized "Independent Candidate For Governor Declaration of Candidate and Certification of Running Mate" form was received by the South Dakota Secretary of State's Office on January 9, 2014.

7.      South Dakota election law per SDCL 12-7-1 requires an Independent candidate for Governor to gather a nominating petition signed by no less than one percent (1%) of the total votes cast for Governor in the previous gubernatorial election. The required minimum number of signatures of registered voters for an Independent candidate for Governor for the year 2014 was 3,171 which is one-percent (1%) of the total votes cast for Governor in 2010.

8.      In comparison, South Dakota election law per SDCL 12-6-7 requires a Republican candidate for Governor to gather a nominating petition signed by no less than one

percent (1%) of the total votes cast for the Republican party's gubernatorial candidate in the previous election. The required minimum number of signatures of registered voters for a Republican candidate for Governor for the year 2014 was 1,955 which is one-percent (1%) of the total votes cast for the 2010 Republican gubernatorial candidate. Likewise, SDCL 12-6-7 requires a Democrat candidate for Governor to gather a nominating petition signed by no less than one percent (1%) of the total votes cast for the Democrat party's gubernatorial candidate in the previous election. The required minimum number of signatures of registered voters for a Democrat candidate for Governor for the year 2014 was 1,221 which is one-percent (1%) of the total votes cast for the 2010 Democrat gubernatorial candidate.

9. Despite the noticeably unequal ballot access under state law and the uphill nominating petition process for an Independent gubernatorial candidate, plaintiff Myers submitted a nominating petition with more than the required number of signatures of registered voters to the South Dakota Secretary of State's Office which approved Myers' nomination as an Independent candidate for Governor on April 23, 2014.

10. On or before June 12, 2014, plaintiff Myers' running mate, Caitlin Collier, informed him of her need to drop out of the race for Lieutenant Governor on the Independent gubernatorial ticket. Collier cited family health concerns as the reason for this decision in private conversation with Myers.

11. On June 12, 2014, Collier signed and submitted a "Candidate's Request to Withdraw Nomination" form in accordance with ARSD 5:02:07:05 to the South Dakota Secretary of State's Office to withdraw her name and nomination from the ballot as Lieutenant Governor. This notarized form was received and filed by the South Dakota Secretary of State's Office on June 16, 2014.

12. On July 8, 2014, faced with a need to fill a vacancy created by the withdrawal of Collier on his gubernatorial ticket, plaintiff Myers announced his intention to nominate Lora Hubbel to replace Collier on the November 2014 general election ballot.

13. On July 8, 2014, Hubbel signed and submitted an "Independent Candidate For Governor Declaration of Candidate and Certification of Running Mate" form in accordance with ARSD 5:02:08:05:01 to the South Dakota Secretary of State's Office to place her name on the November 2014 general election ballot as plaintiff Myers' running mate on the Independent ticket. This notarized form was received by the South Dakota Secretary of State's Office on July 15, 2014.

14. On July 18, 2014, Secretary Gant informed Lora Hubbel in writing that South Dakota election law does not allow an Independent gubernatorial candidate to certify a replacement candidate for Lieutenant Governor since the petition circulation and filing deadline periods for Independent candidates had passed. Secretary Gant cited, in part, SDCL 12-7-1, in making his decision to prohibit the substitution and replacement of Myers' running mate on the Independent gubernatorial ticket.

15. Under the defendant's stated rationale, South Dakota election law per SDCL 12-7-1 provides that a non-party affiliated Lieutenant Governor candidate who must be certified by the Secretary of State prior to the circulation of nominating petitions has no statutory mechanism by which to withdraw from the gubernatorial race. The basis for this reasoning further suggests that under no circumstances may an Independent gubernatorial candidate be allowed to substitute and replace their running mate even prior to the filing deadline for an Independent candidate for Governor of South Dakota which is the last Tuesday of April, which was April 29, 2014, of this year's election cycle.

16. South Dakota election law per SDCL 12-8-6, however, unambiguously allows party affiliated candidates such as a Republican and Democrat nominee for Governor for South Dakota to fill a vacancy created by the death or withdrawal of a Lieutenant Governor candidate in accordance with ARSD 5:02:07:06 up until the second Tuesday in August, which is August 12, 2014, of this year's election cycle.

17. Secretary Gant's decision to prohibit the substitution and replacement of Myers' running mate expressly shows that plaintiff Myers is denied the same statutory procedure which allows a Republican and Democrat nominee for Governor of South Dakota to fill a vacancy created by the death or withdrawal of a Lieutenant Governor candidate.

18. In effect, Secretary Gant's decision requires voters who wish to vote for plaintiff Myers as Governor of South Dakota to also vote for a running mate who requested her withdrawal in accordance with ARSD 5:02:07:05 from the 2014 general election ballot on June 12, 2014.

19. This unnecessary confusion for South Dakota voters could and should have been remedied by the defendant with a fair and nondiscriminatory application of law in the event of a need to fill a vacancy created by the withdrawal of a running mate. The facts here are clear that Myers' good faith effort to replace his original running mate with another nominee on July 8th was made over a month before the August 12th deadline for party affiliated candidates to fill a vacancy created by the death or withdrawal of a candidate and long before the printing of any ballots.

20. Secretary Gant's failure to provide equal ballot access to plaintiff Myers who sought to replace his original running mate in the same manner and procedure as a party affiliated gubernatorial candidate is allowed to do under state law wrongly fails the voters of

South Dakota and unfairly and unnecessarily impairs the freedom of speech, the fundamental right to vote, and the associational rights of non-party affiliated Independent candidates and voters.

21. The defendant's failure to approve the good faith effort of plaintiff Myers to substitute and replace his original running mate with another nominee in the same manner and procedure as major party candidates are allowed to do under state law also unfairly and unnecessarily discriminates against plaintiff Myers on Constitutional grounds of equal protection of the laws.

## PRAYER FOR RELIEF

22. WHEREFORE, plaintiff Myers prays for relief from the Court pursuant to 42 U.S.C. § 1983 in violation of Myers' rights under the First and Fourteenth Amendments of the U.S. Constitution. Myers requests that the Court finds the defendant's failure to approve the substitution and replacement of Myers' running mate unconstitutional.

23. The plaintiff requests preliminary and permanent injunctive relief from the Court ordering Secretary Gant, and his agents and employees, from enforcing, applying, or implementing the complained-of laws, and ordering Secretary Gant to certify the nomination of Lora Hubbel as the Lieutenant Governor candidate on the Independent gubernatorial ticket for the 2014 general election ballot.

24. The plaintiff requests that the Court finds that no compelling state interest exists which is narrowly tailored to justify the wholly inconsistent application of state law between non-party affiliated and party affiliated candidates for public office concerning the time of filing certificates of nominees and the substitution and replacement procedures in the event of a candidate's withdrawal.

25. The plaintiff requests declaratory relief from the Court under 28 U.S.C. §§ 2201 and 2202.

26. The plaintiff requests that the Court award him reasonable attorney's fees as part of the costs to proceed with this action pursuant to 42 U.S.C. §§ 1983 and 1988(b).

27. The plaintiff requests any other relief which the Court finds equitable and just.

Respectfully submitted,

MICHAEL J. MYERS

By his attorney,

*Eddie Welch*

Edward K. Welch
2400 South Euclid
Sioux Falls, South Dakota 57105
(605) 280-1500
edwardkwelchlaw@gmail.com

Date: August 4, 2014